UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REIORDAN DANNY JONES, | CASE NO. C16-0717JLR |
| Petitioner, | ORDER GRANTING MOTION TO STAY |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I.   INTRODUCTION

On May 18, 2016, Petitioner Reiordan Danny Jones, a federal prisoner, filed a

petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on the

Supreme Court's decision in *Johnson v. United States*, 576 U.S. ---, 135 S. Ct. 2551

(2015).  (Petition (Dkt. # 1).)  Respondent United States of America ("the Government")

moves to stay these proceedings pending the Supreme Court's ruling on whether *Johnson*

applies to the residual clause of Section 4B1.2 of the United States Sentencing Guidelines

("U.S.S.G.").  (Mot. (Dkt. # 3).)  Mr. Jones does not oppose the Government's motion.

ORDER- 1

1    (*See generally* Resp. (Dkt. # 4).)  The court has considered the motion, Mr. Jones's

2    response,[1] the relevant portions of the record, and the applicable law.  Being fully

3    advised,[2] the court GRANTS the Government's motion to stay for the reasons stated

4    below.

5                               **II.    BACKGROUND**

6          On March 3, 2008, Mr. Jones was convicted of five counts of distribution of

7    cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  *See United States*

8    *v. Jones*, No. CR07-0232JLR (W.D. Wash.), Dkt. ## 1 (Complaint), 63 (Jury Verdict).

9    The presentence report calculated an advisory sentencing guidelines range of 360 months

10   to life in prison.  (Petition at 4.)  The court held Mr. Jones's sentencing hearing on June 2,

11   2008, *Jones*, No. CR07-0232JLR (W.D. Wash.), Dkt. # 67 (Min. Entry for Sentencing),

12   and sentenced Mr. Jones to 180 months of imprisonment to be followed by eight years of

13   supervised release.  *Id.*, Dkt. # 68 (Judgment).

14         On May 18, 2016, Mr. Jones filed a petition to vacate, set aside, or correct his

15   sentence under 28 U.S.C. § 2255.  (*See* Petition.)  Mr. Jones contends that he is entitled to

16   a resentencing based on a "true" guidelines range of 168 to 210 months.  (*Id.* at 2.)  On

17   July 5, 2016, the Government filed a motion to stay all proceedings in light of the

18

19

20         [1] The Government did not file a reply memorandum in support of its motion for a stay.
(*See generally* Dkt.)

21         [2] No party has asked for oral argument, and the court considers it unnecessary to the
disposition of this motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise
ordered by the court, all motions will be decided by the court without oral argument.").

22

ORDER- 2

1   Supreme Court's grant of certiorari in *Beckles v. United States*, No. 15-8544, 2016 WL

2   1029080 (June 27, 2016).  (*See* Mot. at 2.)  Mr. Jones does not oppose the Government's

3   motion because his "current release date is July 5, 2020, and his likely release date if

4   resentenced would not be affected by the government's requested stay."  (Resp. at 1.)

5   **III.    ANALYSIS**

6   **A.    Application of *Johnson* to the Sentencing Guidelines**

7   In *Johnson*, the Supreme Court concluded that the residual clause of the Armed

8   Career Criminal Act ("ACCA"), which defines a "violent felony" to include any felony

9   that "involves conduct that presents a serious potential risk of physical injury to another,"

10  18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague and that "[i]ncreasing a defendant's

11  sentence under the clause denies due process of law."  *Johnson*, 135 S. Ct. at 2557, 2563.

12  Based on this decision, Mr. Jones challenges the residual clause of U.S.S.G. § 4B1.2(a),

13  which is set forth below in italics:

14  (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

15
16  (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

17  (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of*
18  *physical injury to another*.

19  //

20  //

21  //

22  //

ORDER- 3

1  U.S.S.G. § 4B1.2(a) (italics added).[3]  Mr. Jones contends that the residual clause of

2  U.S.S.G. § 4B1.2(a)(2) is unconstitutional in light of the Supreme Court's conclusion that

3  the ACCA's identically-worded residual clause is unconstitutionally vague.   (Petition at

4  3.)  He argues that his sentence, which he asserts was based in part on enhancements

5  arising from the residual clause, was imposed in violation of the Constitution.  (*See id.*)

6      The Government moves to stay all proceedings in light of the Supreme Court's

7  grant of certiorari in *Beckles v. United States*, No. 15-8544, regarding the application of

8  *Johnson* to the residual clause in U.S.S.G. § 4B1.2(a)(2).  (*See generally* Mot.)

9  Specifically, the Supreme Court has granted certiorari to determine, in pertinent part, (1)

10  whether *Johnson*'s holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2),

11  thereby rendering challenges to sentences enhanced under it cognizable on collateral

12  review, and (2) whether *Johnson* applies retroactively to collateral cases challenging

13  federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2).[4]  *See*

14  *United States v. Trujillo*, No. CR 10-00605 WHA, 2016 WL 3844325, at *1 (N.D. Cal.

15  July 15, 2016) (citing *Beckles*, No. 15-8544).  The Government argues that the court

16  should stay these proceedings because the Supreme Court's ruling in *Beckles* is likely to

17

18  [3] The court notes that the Sentencing Commission has adopted an amendment to the definition of "crime of violence" in the guidelines, effective August 1, 2016, that deletes the residual clause at § 4B1.2(a)(2).  *See United States v. Grant*, No. 09-CR-01035-PJH-1, 2016 WL

19  3648639, at *1 (N.D. Cal. July 8, 2016).

20  [4] The Supreme Court also granted certiorari in *Beckles* to determine whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in the commentary of U.S.S.G. § 4B1.2, remains a "crime of violence" after *Johnson*.  *See United*

21  *States v. Trujillo*, No. CR-10-00605 WHA, 2016 WL 3844325, at *1 (N.D. Cal. July 15, 2016)

22  (citing *Beckles*, S. Ct. Case No. 15-8544).

ORDER- 4

1  be dispositive of Mr. Jones's petition.  (Mot. at 2.)  The Government asserts that a "stay

2  is in the interest of judicial economy, since, if the [c]ourt proceeds to decide this motion,

3  the losing party will almost certainly pursue an appeal in light of *Beckles*, thereby

4  generating extra litigation that may well be avoided if the [c]ourt stays the matter pending

5  *Beckles*."  (*Id.*)

6       Mr. Jones does not oppose the government's motion to stay because his "current

7  release date is July 5, 2020, and his likely release date if resentenced," based on a

8  guidelines range of 168 to 210 months, "would not be affected by the government's

9  requested stay."  (Resp. at 1; *see also* Petition at 2.)

10  **B.      Stay of the Proceedings**

11      A court has discretion to stay proceedings before it.  *Lockyer v. Mirant Corp.*, 398

12  F.3d 1098, 1109 (9th Cir. 2005).  In deciding whether to grant a stay, the court must

13  evaluate "'the competing interests which will be affected by the granting or refusal to

14  grant a stay.'"  *Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.

15  1962).  In the specific context of habeas corpus proceedings, there are "special

16  considerations that place unique limits on a district court's authority to stay a case in the

17  interests of judicial economy."  *Yong v. Immigration and Naturalization Service*, 208

18  F.3d 1116, 1120 (9th Cir. 2000).  "[A]lthough considerations of judicial economy are

19  appropriate, they cannot justify [an] indefinite, and potentially lengthy, stay," particularly

20  where the habeas petitioner would suffer "substantial prejudice" from the delay.  *Id.* at

21  1120-21.  Thus, a court ruling on a motion to stay a habeas proceeding should consider

22  whether the stay would prejudice the petitioner, whether the length of the stay would be

1   unduly long, and whether the stay would promote judicial economy.  *See id.* at 1120-21;

2   *Lockyer*, 398 F.3d at 1110 (quoting *CMAX*, 300 F.2d at 268).   After considering these

3   factors in the context of Mr. Jones's petition, the court grants the Government's motion to

4   stay.

5        1.   Prejudice

6        Most importantly, there is little danger of prejudice to Mr. Jones from a stay.  As

7   Mr. Jones notes, if he is entitled to resentencing, his new release date would likely not

8   occur before the Supreme Court decides *Beckles*.  (*See* Resp. at 1); *United States v.*

9   *Roberson*, Case No. 12-cr-00550-PJH-1, 2016 WL 4208435, at *2 (N.D. Cal. Aug. 10,

10   2016) ("A decision in *Beckles* is expected within a year. . . ."); *but see Knox v. United*

11   *States*, C16-5502BHS, 2016 WL 3906915, at *2 (W.D. Wash. July 19, 2016) ("[I]t is also

12   unclear when or if the Supreme Court will decide *Beckles*.").  Because Mr. Jones's

13   resentencing, if any, would likely result in a release date after the stay is lifted, the danger

14   that he would be unconstitutionally confined during the stay dissipates.  *See, e.g.*, *United*

15   *States v. Rodriguez*, Case No. 13-20405, 2016 WL 4124096, at *1 (E.D. Mich. Aug. 3,

16   2016) (granting a stay where there is no indication that a stay would prejudice defendant

17   who is serving a 98-month sentence with an expected release date in 2020).  Mr. Jones's

18   case is therefore fundamentally different from a case in which the petitioner's potential

19   new release date would fall during the period of the proposed stay or has already

20   occurred.  *See, e.g.*, *United States v. Hicks*, Case No. 14-cr-00549-EMC-1, 2016 WL

21   4585750, at *2 (N.D. Cal. Sept. 2, 2016) (denying a stay where the defendant's potential

22   release date if his § 2255 motion is successful had already passed); *Roberson*, 2016 WL

ORDER- 6

1  4208435, at *2 (denying a stay where the defendant sought a reduced term of

2  imprisonment that may exceed his time served).  Accordingly, Mr. Jones will not be

3  prejudiced by a stay.

4          2.   Length of Stay

5          Further, the stay the Government seeks is not likely to be especially "lengthy,"

6  *Yong*, 208 F.3d at 1121, particularly when compared to the remainder of Mr. Jones's

7  sentence, even if he is entitled to resentencing.  On the one hand, the Supreme Court will

8  not begin to hear oral arguments until October 2016 and has not yet calendared *Beckles*,

9  *see Lilley v. United States*, C16-0410JLR, (W.D. Wash.), Dkt. # 10 (8/16/16 Order) at 6;

10  *but see Roberson*, 2016 WL 4208435, at *2 (noting that "a decision in *Beckles* is

11  expected within a year, [so] the government does not seek an indefinite stay"), so there is

12  little doubt that a stay will last at least several months and perhaps as long as a year.  On

13  the other hand, the stay here is not as long as the impermissible stay in *Yong*, which could

14  have lasted for "years."  *Yong*, 208 F.3d at 1120.  Therefore, the length of the proposed

15  stay does not counsel against granting a stay.

16          3.   Considerations of Judicial Economy

17          Finally, considerations of judicial economy support granting the Government's

18  motion, particularly where there is no prejudice to Mr. Jones.  The Supreme Court is

19  posed to answer questions that are potentially dispositive of Mr. Jones's petition, namely

20  whether (1) *Johnson*'s holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2),

21  thereby rendering challenges to sentences enhanced under it cognizable on collateral

22  review, and (2) whether *Johnson* applies retroactively to collateral cases challenging

ORDER- 7

1   federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2).   As the

2   Government points out, "extra litigation . . . may well be avoided" if the court grants a

3   stay until the Supreme Court decides the issues pending in *Beckles*.  (Mot. at 2.)  While it

4   is possible that the Supreme Court will not issue a clear ruling in *Beckles*, the court at this

5   time has no indication that it will not.  *See Knox*, 2016 WL 3906915, at *2 ("[I]t is also

6   unclear when or if the Supreme Court will decide *Beckles*."); *but see Roberson*, 2016 WL

7   4208435, at *2 ("Unlike the appeal at issue in *Yong*[,] which was subject to further

8   review, the Supreme Court is likely to decide conclusively the question presented in

9   *Beckles* whether *Johnson* applies retroactively to collateral challenges to sentence

10   enhancements applied under the residual clause of the guidelines.").[5]  In addition, the

11   court can lift the stay should the Supreme Court not rule fully or timely on *Beckles*.

12   When coupled with the lack of prejudice a stay would impose on Mr. Jones, judicial

13   economy supports issuing a stay here.

14   //

15   //

16   //

17   ─────────────────────

18       [5] The court notes that the Ninth Circuit recently lifted the stays previously entered in
*Gardner v. United States*, No. 15-72559 and *Jacob v. United States*, No. 15-73302 (9th Cir. Aug.
19   1, 2016), which the government cited in support of the instant motion to stay.  (*See* Mot. at 2,
n.2; Not. of Supp. Auth. (Dkt. # 7)); *see also United States v. Stewart*, No. 13-CR-00131-PJH-1,
20   2016 WL 4208799, at *2 (N.D. Cal. Aug. 10, 2016) (noting the Ninth Circuit's recent action in
*Gardner* and *Jacob* in support of its order denying a similar motion to stay another 28 U.S.C.
21   § 2255 petition based on *Johnson*).  That the Ninth Circuit lifted these stays does not, however,
change the court's determination that there is little danger of prejudice to Mr. Jones by granting
22   the stay the Government seeks.

ORDER- 8

# IV.   CONCLUSION

Based on the foregoing analysis, the court GRANTS the Government's motion for a stay of Mr. Jones's petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. # 3).  The court further ORDERS that the disposition of Mr. Jones's 28 U.S.C. § 2255 petition is STAYED until after the Supreme Court issues its decision in *Beckles* or until further order from this court.  Within seven days of the Supreme Court's decision in *Beckles*, the court ORDERS the parties to file a joint status report informing the court of the decision and its impact on this litigation.  The court also ORDERS the parties to file a joint status report within seven days of any other developments in either the *Beckles* case or with respect to Mr. Jones's petition that are relevant to the stay.  Either party may move to have the stay lifted if circumstances change.

The court further DIRECTS the clerk to strike the noting date for Mr. Jones's petition.  The court will issue a new noting date for the petition after the stay is lifted.

Dated this 9th day of September, 2016.

JAMES L. ROBART
United States District Judge

ORDER- 9